## CONRAD C. LENZ ET AL.

### v.

## CHICAGO LUMBER COMPANY.

*Contracts—Carriage of Lumber—Breach—Evidence—Separate Judgments.*

In an action brought for the recovery of damages for the alleged failure of the defendants to perform a certain contract touching the carriage of lumber, this court, in view of the evidence and of the fact that no material errors were committed by the trial court, declines to interfere with the verdict for the plaintiff.

[Opinion filed July 2, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. SCHUYLER & KREMER, for appellants.

Messrs. PAYNE & PORTER, for appellee.

*Per Curiam.* This action was brought by appellee to recover damages from appellants for a failure to perform certain contracts for carrying lumber from Muskegon, Michigan, to Chicago, during the season of 1886. One of the alleged contracts was in writing and one was verbal. The court directed the jury to allow no damages for any alleged breach of the latter contract, so the controversy, so far as it related to such contract, is eliminated from the case. There was a verdict and a judgment against appellants for damages, for breach of the written contract, and on this appeal various errors are assigned and urged for the reversal of said judgment.

A large number of witnesses were examined upon the trial and many issues of fact made, and we deem it unnecessary to go into a detailed statement of the facts, or a discussion of

the various points of law raised by counsel for appellants. We have fully considered all the questions in the case, and we are satisfied that the evidence fully supports the verdict of the jury on every material issue; that no error was committed by the court in the admission or exclusion of evidence, and none in the giving, refusing or modifying instructions, which were, in any respect, materially injurious to appellants or either of them.

The action of the court was correct in refusing to enter a separate judgment against each defendant. The act of Congress on which appellants. rely as requiring such separate judgment, has, in our opinion, no application to a case like the one presented by this record.

The judgment of the Circuit Court is fully authorized by the law and the evidence, and no error having intervened on the trial which requires that we should set aside such judgment, the same will be affirmed.

*Judgment affirmed.*